UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICHARD SEGERBLOM et al., | ) | |
| Plaintiff, | ) | |
| | ) | 2:14-cv-00496-RCJ-PAL |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | **ORDER** |
| Defendant. | ) | |

This case arises out of the foreclosure of a residential property by a homeowners association. Pending before the Court is a Motion to Dismiss (ECF No. 11). For the reasons given herein, the Court grants the motiom.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiffs Richard and Sharon Segerblom are the owners of real property at 1242 Park Cir., Las Vegas, NV (the "Property"). (Compl. 1, Feb. 19, 2014, ECF No. 1-1). In September 2003, Plaintiffs obtained a home equity line of credit ("HELOC") from Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). (*Id.* 2). The terms of the HELOC provided that Plaintiffs could make interest-only payments for ten years, and that the loan would change to a fixed-rate thereafter. (*Id.*). Plaintiffs allege that Defendant knew or should have known that at the end of the ten-year term, Plaintiffs would owe more on their various mortgages than the Property was worth and therefore had an obligation to modify the HELOC. (*Id.*). Defendant refused to modify

1  the HELOC after the ten-year period, even though the fixed rate agreed to in the HELOC

2  exceeded the market rate at the time the HELOC converted from a variable to a fixed rate. (*Id.*).

3        Plaintiffs sued Defendant in state court for a breach of the covenant of good faith and fair

4  dealing.  Defendant has moved to dismiss for failure to state a claim.

5  **II.  LEGAL STANDARDS**

6        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

7  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

8  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

9  (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

10  that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

11  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

12  F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

13  failure to state a claim, dismissal is appropriate only when the complaint does not give the

14  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

15  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

16  sufficient to state a claim, the court will take all material allegations as true and construe them in

17  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

18  Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

19  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

20  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

21  with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

22  case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

23  (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

24  pleads factual content that allows the court to draw the reasonable inference that the defendant is

25  liable for the misconduct alleged."). In other words, under the modern interpretation of Rule

8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

III.   **ANALYSIS**

The Court grants the motion to dismiss. Defendant notes that Plaintiffs have opened a line of credit of $250,000 against the Property on the HELOC (in addition to any mortgages) and argues that Plaintiffs are simply unhappy with the terms of the loan. Plaintiffs do not allege any breach of the loan terms, but only bad faith by Defendant. A breach of the implied covenant of good faith and fair dealing that exists in every contract occurs only "[w]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied . . . ." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d

919, 923 (Nev. 1991).  In other words, "Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Id.* at 922–23.

Plaintiffs have not alleged that Defendant took any action to thwart Plaintiffs' reasonable expectations under the contract to the unfair benefit of Defendant.  They have alleged only that Defendant should have anticipated (ten years ago) that Plaintiffs would today owe more on their home than it was worth.  Even if that were true—and it is extremely unlikely, as nearly all actors in the real estate market before the crash wrongly anticipated an indefinite rise in prices—it would still not implicate bad faith action under the contract.

Plaintiffs do not allege that Defendant has acted against the spirit of the contract while adhering to its letter—the essence of a bad faith claim—but only that the terms of the contract have ultimately benefitted Defendant more than Plaintiffs.  Such a result does not offend the implied covenant of good faith and fair dealing unless the result was brought about by Defendant's actions in contravention of the spirit of the contract.  If the result was simply a matter of changing economic circumstances beyond the control of the contracting parties, i.e., circumstances that both parties risked at the outset, bad faith has nothing to do with the matter. The parties to any long-term contract risk that economic circumstances may eventually be more beneficial to one side than to the other.  Nor is there any implied duty to renegotiate the terms of an existing contract.  In the present case, both parties risked that interest rates would rise or fall, and that one or the other party might benefit more under the contract because of it.  And Defendant cannot be blamed for Plaintiffs allegedly owing more against the Property than it is worth.  That fact has nothing to do with the terms or spirit of the contract at issue.[1]

---

[1] In the present case, Plaintiffs have not even alleged whether the home would be "underwater" were the HELOC discounted—in other words, whether the only reason Plaintiffs

1  "Underwater" properties are unfortunate result of the market crash of 2008, which was brought
2  about by the concerted actions of millions of buyers, lenders, agents, appraisers, legislators,
3  regulators, etc., and the dysfunctional system of motivations between these groups that drove
4  prices far beyond any realistic value.

5       Plaintiffs also argue that the amount in controversy does not exceed $75,000.[2]  The Court
6  disagrees.  Defendant has adduced a letter to it from Richard Segerblom alleging that the refusal
7  to modify, i.e., the alleged bad faith, will result in an additional $670 per month ($1450-$780)
8  over the life of the 30-year loan, which would total $241,200. (*See* Letter, Sept. 6, 2013, ECF No.
9  12-4).  Plaintiffs argue that because there is a motion to dismiss pending, the Court may not rely
10 on anything beyond the four corners of the Complaint to determine the remand issue.  Plaintiffs
11 conflate the standards for a motion to dismiss with the standards for a motion to remand.
12 Contrary to Plaintiffs' argument, the Court not only may but must consider this evidence on a
13 motion to remand, because once challenged a defendant has the burden of proving federal
14 jurisdiction by a preponderance of the evidence, and a demand or claim from a plaintiff to a
15 defendant is relevant evidence of the amount in controversy if it appears to be a reasonable
16 estimate of the damage alleged in the complaint. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837,
17 839–40 (9th Cir. 2002).  As in *Cohn*, Plaintiffs here have neither disavowed the allegations in the
18 letter, nor adduced any contrary evidence. *See id.* at 840.
19 ///

---

21 owe more than the Property is worth is because of having taken out a quarter million dollar line of credit against the Property beyond what was needed to finance its purchase.

23 [2]Plaintiffs filed an "Opposition to Petition for Removal," which does not appear in the docket as a motion requiring judicial action.  That is likely because although notices of removal are often titled as "petitions," they are not in fact petitions, but notices.  A removing party simply removes and files a notice; it is for an objecting party to file a motion to remand in order to invoke any judicial action after removal. *See* 28 U.S.C. §§ 1446–47.  The Court will treat the "opposition" as a motion.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 7) is DENIED and the Motion to Dismiss (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 9th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge